UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKAT) TAX REFUND LITIGATION<br><br><br>This document relates to:<br>Case No. 21-cv-05339 (LAK) | 18-MD-2865 (LAK)<br><br>ECF Case<br><br>**ANSWER OF MICHAEL BEN-JACOB**<br><br>**JURY TRIAL DEMANDED** |

Defendant Michael Ben-Jacob ("Defendant"), by and through his attorneys Dewey Pegno & Kramarsky LLP, respectfully submits the following Answer to the Amended Complaint dated June 16, 2021 (the "Complaint").

**PRELIMINARY STATEMENT**

The Complaint filed by Plaintiff Skatteforvaltningen ("SKAT" or "Plaintiff") paints an extraordinarily misleading picture of Mr. Ben-Jacob's limited involvement with investors who pursued a trading strategy that SKAT now contends was fraudulent. The true facts are straightforward: Mr. Ben-Jacob is an attorney whose firm was engaged to provide legal advice on certain issues of U.S. law and perform various administrative services for Argre Management LLC ("Argre") and its principals. Mr. Ben-Jacob and the many other lawyers at his firm who worked with him on these matters did *not* design the trading strategy pursued by Argre and its principals, did *not* formulate the approach presented to Mr. Ben-Jacob and other lawyers at his firm by the Argre principals—who are themselves tax attorneys and accountants—of using US pension plans and partnerships to implement that trading strategy, provided *no* advice on the

pension plans' entitlement to a dividend withholding tax refund under Danish law, and received *no* apportionment of the proceeds from the trading strategy.

The Argre principals presented Mr. Ben-Jacob's firm with legal questions—primarily related to specific issues of U.S. law—that were addressed by Mr. Ben-Jacob and lawyers in his firm with the appropriate subject matter expertise.  Mr. Ben-Jacob's role was largely limited to coordinating the advice sought by the clients with the appropriate subject matter experts within his firm and assisting with administrative tasks on behalf of the client's pension plans pursuant to their direction and as their attorney-in-fact, as further described below.

Mr. Ben-Jacob had—and still has—no knowledge that the pension plans that participated in the trading strategy were "shams", that they were not entitled to the dividend tax withholding refunds they sought, or that their dividend tax withholding applications were "fraudulent." SKAT's allegations to the contrary are demonstrably false and are all the more unjustifiable because they come some three years after SKAT first named Mr. Ben-Jacob as a defendant in a lawsuit concerning dividend tax withholding refunds and settled claims based on the same trades against other clients of Mr. Ben-Jacob's firm.  Since then, SKAT has not only deposed the investors with whom SKAT alleges Mr. Ben-Jacob conspired, but has received document productions of *all* of Mr. Ben-Jacob's communications with those client investors concerning the trading strategy, including documents protected by the attorney-client privilege, which Mr. Ben-Jacob's clients chose to waive.  That discovery simply does not support SKAT's fanciful claim that Mr. Ben-Jacob orchestrated—or in any way participated in or assisted—a vast corrupt conspiracy to defraud SKAT.

And even putting aside its complete disconnection from the truth, SKAT's Complaint suffers from other dispositive defects.  For one, SKAT's claims—in this Complaint and all others

included in this multi-district litigation—are barred by the "Revenue Rule," which prohibits U.S. courts from directly or indirectly enforcing the internal revenue laws of a foreign sovereign. *See, e.g.*, *Attorney General of Canada v. R.J. Reynolds Tobacco Holdings, Inc.*, 268 F.3d 103, 109 (2d. Cir. 2001). While the Court previously held that SKAT's allegations in other complaints were sufficiently well-crafted to avoid dismissal on Revenue Rule grounds at the motion to dismiss stage, discovery has since demonstrated that any adjudication of SKAT's claims by a U.S. court would, among other things, necessitate examining, interpreting, and enforcing Danish tax laws in direct contravention of the Revenue Rule. That SKAT's claims here will ultimately be barred by the Revenue Rule is supported by the April 27, 2021 decision by the English High Court of Justice, attached as Exhibit A, concluding that "SKAT's claim . . . is, in substance, a claim to tax" and dismissing all of SKAT's claims against other actors in the alleged conspiracy to defraud SKAT based on the English analogue of the Revenue Rule—and expressly noting in its costs award ordering SKAT to pay approximately £72 million to the defendants in that case (attached as Exhibit B) that the litigation was driven by political pressure in Denmark. As set forth below, there are many other reasons SKAT's claims will ultimately fail.

## AS TO THE INTRODUCTION

1. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, except Defendant admits that SKAT was a Danish tax authority and that the Plans represented to SKAT that they were entitled to refunds of withheld tax on those dividends, and Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

2. Defendant denies the allegations in paragraph 2, except Defendant admits that he is a lawyer licensed to practice in New York.

3. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, except that Defendant admits the Plans represented to SKAT that they were entitled to refunds of withheld tax on those dividends.

4. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, except that Defendant admits the Plans represented to SKAT that they were entitled to refunds of withheld tax on those dividends and Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

5. Defendant denies the allegations in Paragraph 5, except Defendant admits that at the instruction of the Argre Principals he directed other lawyers at his firm to draft partnership documents, and admits that at the direction of the Argre Principals he or others at his firm facilitated the signing of documents related to the creation of LLCs and the sponsoring of pension plans.

6. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

8. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and refers to the cited document for its contents.

9. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, except Defendant admits that he has been

4

named as a defendant in 39 other actions pending in this multi-district litigation and admits that Richard Markowitz, John van Merkensteijn, and Robert Klugman have asserted a reliance of counsel defense and waived the attorney-client privilege as to certain issues, and Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

10. Paragraph 10 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 10 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

## AS TO THE JURISDICTION AND VENUE

11. Paragraph 11 alleges legal conclusions to which no answer is required. To the extent that an answer is required to Paragraph 11, Defendant admits that the matter in controversy exceeds the sum or value of $75,000, that SKAT is an agency or instrumentality of a foreign state, and that Defendant is a citizen of a state, and Defendant denies the allegations in Paragraph 11 to the extent they suggest that the Court has subject matter jurisdiction over the matter.

12. Paragraph 12 alleges legal conclusions to which no answer is required.

## AS TO THE PARTIES

13. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, except Defendant admits that SKAT is a Danish tax authority.

14. Defendant admits that he is a citizen of the state of New York and that he has worked at a law firm whose offices were located at 250 West 55th Street, New York, NY 10019,

and Defendant denies that he worked at a law firm whose offices were located at 420 Park Avenue, New York, NY 10022.

## AS TO THE GENERAL FACTUAL ALLEGATIONS

15. Defendant denies the allegations in Paragraph 15, except Defendant admits that he is an attorney and that his law firm represented principals of Argre Management LLC and Robert Klugman, and that as part of that representation he provided legal services.

16. Defendant denies the allegations in Paragraph 16.

17. Paragraph 17 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 17 may be deemed required and to the factual component of the allegations, Defendant denies the allegations in Paragraph 17.

18. Paragraph 18 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 18 may be deemed required and to the factual component of the allegations, Defendant denies the allegations in Paragraph 18.

19. Paragraph 19 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 20 may be deemed required and to the factual component of the allegations, Defendant denies the allegations in Paragraph 19.

20. Paragraph 20 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 20 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, except admits that SKAT is a Danish tax authority.

21. Paragraph 21 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 21 may be deemed required and to the factual component of

the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, except Defendant admits that he knew the Argre Principals created pension plans for which they or others were the beneficiaries and admits that there is a treaty between Denmark and the United States that addresses double taxation.  Defendant denies having any awareness that the Plans did not satisfy the requirement of the Treaty and were not entitled to withholding tax refunds and denies knowledge as to whether the plans did in fact satisfy the requirements of the Treaty or were entitled to withholding tax refunds, and denies participating in or aiding or abetting others in participating in a fraudulent scheme.

22. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, except Defendant admits that SKAT paid refunds of dividend tax withholdings and Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

24. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, except Defendant admits that the Plans submitted reclaim applications to SKAT, and Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

25. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, including subparagraphs 25(a)-(e).

26. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, except Defendant admits that SKAT paid refunds of dividend tax withholdings.

27. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, except Defendant admits that SKAT paid refunds of dividend tax withholdings and Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

28. Paragraph 28 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 28 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

29. Paragraph 29 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 29 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

30. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, except Defendant admits signing limited powers of attorney at the direction of his clients relating to the submission of tax refund applications and refers to those documents for their contents.

31. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, except Defendant admits signing limited

powers of attorney at the direction of his clients relating to the submission of tax refund applications and refers to those documents for their contents.

32. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and refers to the documents referenced therein for their contents.

33. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and refers to the "Income Advice" document referenced therein for its contents.

34. The first sentence of Paragraph 34 alleges legal conclusions to which no answer is required. To the extent that an answer to the first sentence of Paragraph 34 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant denies the allegations in the second and third sentences of Paragraph 34.

35. Paragraph 35 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 35 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

36. Paragraph 36 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 36 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, except Defendant admits that some of the Plans entered into partnerships, and Defendant denies the allegations in the fourth sentence of

Paragraph 36 and denies participating in or aiding or abetting others in participating in a fraudulent scheme.

37. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, except Defendant admits that some of the Plans entered into partnerships.

38. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40. Defendant denies the allegations in the first two sentences of Paragraph 40, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40.

41. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, except Defendant denies the allegations in the final sentence of Paragraph 41.

42. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

43. Paragraph 43 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 43 may be deemed required and to the factual component of the allegations, Defendant denies the allegations in Paragraph 43, except Defendant admits that he and others at his firm assisted in the formation of LLCs, pension plans and partnerships based on instructions from clients.

44. Paragraph 44 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 44 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45, except Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 45.

46. Paragraph 46 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 46 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, except Defendant denies the allegations in the final sentence of Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Paragraph 48 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 48 may be deemed required and to the factual component of the allegations, Defendant denies the allegations in Paragraph 48.

## AS TO THE CAUSES OF ACTION

## COUNT I

### (Civil Conspiracy)

49. Defendant repeats and incorporates his responses in paragraphs 1 through 48 above.

50. Paragraph 50 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 50 may be deemed required and to the factual component of the allegations, Defendant denies the allegations in Paragraph 50.

51. Paragraph 51 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 51 may be deemed required and to the factual component of the allegations, Defendant denies the allegations in Paragraph 51.

52. Paragraph 52 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 52 may be deemed required and to the factual component of the allegations, Defendant denies the allegations in Paragraph 52.

53. Paragraph 53 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 53 may be deemed required and to the factual component of the allegations, Defendant denies the allegations in Paragraph 53.

54. Paragraph 54 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 54 may be deemed required and to the factual component of the allegations, Defendant denies the allegations in Paragraph 54.

## **COUNT II**

**(Aiding and Abetting Fraud)**

55. Defendant repeats and incorporates his responses in paragraphs 1 through 16; 19 through 30; 32 through 38; 40; and 42 through 48 above.

56. Paragraph 56 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 56 may be deemed required and to the factual component of the allegations, Defendant denies the allegations in Paragraph 56.

57. Paragraph 57 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 57 may be deemed required and to the factual component of the allegations, Defendant denies the allegations in Paragraph 57.

58. Paragraph 58 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 58 may be deemed required and to the factual component of the allegations, Defendant denies the allegations in Paragraph 58.

59. Paragraph 59 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 59 may be deemed required and to the factual component of the allegations, Defendant denies the allegations in Paragraph 59.

## AS TO THE REQUEST FOR RELIEF

60. The allegations set forth in the "WHEREFORE" clause constitute Plaintiff's request for relief to which no response is required. To the extent that a response is necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief.

## AFFIRMATIVE DEFENSES

### As A First Affirmative Defense

61. The Complaint fails to state a claim upon which relief can be granted.

### As A Second Affirmative Defense

62. The claims alleged in the Complaint are barred by the long-standing doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

### As A Third Affirmative Defense

63. The claims alleged in the Complaint are barred by the applicable statutes of limitations.

### As A Fourth Affirmative Defense

64.     The claims alleged in the Complaint are barred in whole or in part by the equitable doctrines of waiver, laches, and estoppel.

### As A Fifth Affirmative Defense

65.     The claims alleged in the Complaint are barred in whole or in part for failure to join indispensable or necessary parties.

### As A Sixth Affirmative Defense

66.     The recovery by the Plaintiff, if any, should be barred because the subject matter of this lawsuit is the subject of another pending legal proceeding.

### As A Seventh Affirmative Defense

67.     Plaintiff's action is barred because of its failure to exhaust administrative and other legal remedies available to it.

### As An Eighth Affirmative Defense

68.     If the Plaintiff suffered any loss, damages, or injury, such alleged injuries and damages were caused, in whole or in part, by other culpable parties and/or third parties to this action, other than Defendant, for whose acts or omissions or breaches of legal duty Defendant is not liable.

### As A Ninth Affirmative Defense

69.     The claims alleged in the Complaint are barred in whole or in part because Plaintiff has failed to mitigate its alleged damages.

### As A Tenth Affirmative Defense

70. If the Plaintiff suffered any loss, damage, or injury, such damages are barred in whole or part to the extent such damages have been or will be paid or indemnified by a collateral source.

### As An Eleventh Affirmative Defense

71. The recovery by the Plaintiff, if any, should be reduced by application of New York's General Obligations Law §15-108.

### As A Twelfth Affirmative Defense

72. The claims alleged in the Complaint are barred in whole or in part by waiver.

### As A Thirteenth Affirmative Defense

73. The Complaint fails to plead fraud with the adequate degree of specificity and particularity.

### As a Fourteenth Affirmative Defense

74. Defendant reserves the right to add to and/or amend these Affirmative Defenses because of information that may become known during the course of discovery.

WHEREFORE, Defendant respectfully requests a judgment dismissing the Complaint with prejudice, together with its costs, disbursements and attorney's fees and such other further relief as the Court may deem just and proper.

Dated: New York, New York
September 10, 2021

DEWEY PEGNO & KRAMARSKY LLP

_____

Thomas E.L. Dewey
777 Third Avenue – 37th Floor
New York, New York 10017
Tel.: (212) 943-9000
Fax: (212) 943-4325
E-mail:  tdewey@dpklaw.com

*Attorneys for Defendant
Michael Ben-Jacob*